IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


H&R BLOCK TAX SERVICES, INC.                                              PLAINTIFF,
                                                                 COUNTERDEFENDANT

v.                                                         CIVIL ACTION NO. 3:04CV56-SAA

JULIE A. CLEVENGER                                                       DEFENDANT,
                                                                  COUNTERPLAINTIFF

## MEMORANDUM OPINION

Plaintiff/counterdefendant H&R Block Tax Services, Incorporated has moved for partial summary judgment [63] on the following claims: (1) breach of contract for unpaid royalties, (2) breach of contract for unpaid supply orders, (3) default of loan and promissory note, (4) damages for violation of non-competition and non-solicitation provisions, (5) injunctive relief enforcing the non-competition provision, the non-solicitation provision, and the agreement to assign real property leases to plaintiff Block and (6) all claims pled in defendant and counterplaintiff Julie A. Clevenger's counterclaim.

In accordance with the provisions of 28 U.S.C. § 636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for entry of a final judgment. Therefore, the undersigned has authority to render an opinion regarding this motion for partial summary judgment. Upon due consideration of the motion, response, rebuttal and record, the court finds that the defendant successfully identifies issues of fact, the resolution of which may entitle it to judgment against the plaintiff on all but one claim. Thus, the motion for partial summary judgment should be denied in part and granted in part.

# I.
# SUMMARY OF UNDERLYING FACTS

The defendant entered into franchise agreement with plaintiff on August 3, 1989, in order to operate an H&R Block tax preparation business. The defendant operated a Block franchise in Grenada, Mississippi, from 1989 until 2004 in addition to various other Block offices within this time. It is undisputed that the franchise agreement required the defendant's franchise to submit operational reports and pay royalties at the end of each reporting period based on a percentage of the franchise's gross receipts. If such reports were submitted and royalty payments paid by the fifth and twentieth day of each tax-season month, the franchise paid a lower, discounted royalty payment than would be due if these deadlines were not met.

On December 22, 2003, the plaintiff terminated the franchise agreement on the grounds that defendant breached the franchise agreement by failing to timely submit period two and period three royalty payments and reports to Block for 2003. The defendant disputes these allegations and asserts in her counterclaim that plaintiff breached the franchise agreement. Both parties plead multiple claims against each other in addition to those listed above. Facts pertinent to the issues submitted in plaintiff's motion for summary judgment will be addressed individually with each associated claim.

# II.
# SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment carries the burden

of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265 (1986). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998); *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir.), *cert. denied*, 513 U.S. 1045 (1994); *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995); *Matagorda County v. Russell Law*, 19 F.3d 215, 217 (5th Cir. 1994); *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Guillory v. Domtar*

*Industries, Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

III.
CLAIMS PRESENTED IN THE COMPLAINT

A. <u>Summary Judgment Is Proper on Plaintiff's Claim That Defendant Is in Default of Her Loan and Promissory Note.</u>

Defendant admits that she entered into a franchise equity line of credit agreement with Franchise Partner, Inc. while she was an H&R Block franchisee. (Clevenger Dep. 38: 10-13, Oct. 20, 2004.) Franchise Partner is "an affiliate of Block and offers revolving, secured commercial lines of credit called Franchise Equity Lines of Credit ('FELC') to current and prospective Bock franchisees." (Pl.'s Mem. Supp. Mot. Summ. J. at 2.) Defendant admits that she is the sole signatory on the restated loan agreement, the accompanying restated franchise equity line of credit promissory note, and the modified franchise equity line of credit security agreement. (Clevenger Dep. 38:23-39:24, 40:4-13, 40:18-41:18.) The promissory note, signed by the defendant, incorporates the events of default specified in the loan agreement, one of which states that the failure to tender timely payments constitutes a default event rendering all unpaid amounts immediately due.

Payments on the loan were not due at a specified time each and every month; the dates due for defendant's payments were configured so that there were several exempt months during the tax "off-season;" however, payments were due each month during tax season. The defendant admits that the last payment tendered on the loan was on an unspecified date before November of 2003. (Clevenger Dep. 46:17-23.) The defendant does not deny that she owed and failed to

tender payments in February and March of 2004 following the termination of the franchise agreement between herself and plaintiff Block. The defendant believes that she did receive a letter on April 5, 2004, from Franchise Partner which stated that she was in default of her loan and thus subject to the acceleration clause. (Clevenger Dep. 48:8-14.)

Plaintiff Block purchased from Franchise Partner the rights due under the loan agreement, promissory note, and security agreement on April 24, 2004. Plaintiff contends that it is entitled to enforce the promissory note as it is now the holder of the note and is subject to only those claims or defenses that the defendant would have against Franchise Partner. Plaintiff argues that there are no issues of fact regarding this claim as the plaintiff has not "asserted any defense or claims of recoupment in ths action against Franchise Partner . . . . any claims that Clevenger thought she had in February and March of 2004 against Block did not justify her failure to pay the amounts she owed under the loan and note." (Pl.'s Mem. at 4.)

Although neither argued nor ever addressed by the parties, the promissory note at issue contains the following choice-of-law clause: "Except to the extent federal law applies, the internal law of the State of Nevada without regard to its conflict of laws principles will govern this Agreement." (Promissory Note ¶ 11.) In diversity suits, a federal court must apply Mississippi substantive law, including Mississippi's conflict of law doctrines. *Pearson v. Globe Indem. Co.*, 311 F.2d 517, 518 (1962) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938); *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S 487 (1941)). "The general rule is that [Mississippi] courts will give effect to an express agreement that the laws of a specified jurisdiction shall govern." *Miller v. Fannin*, 481 So.2d 261, 262 (Miss. 1985); *Cox v. Howard, Weil, Labouisse, Freidrichs, Inc.*, 619 So.2d 908, 911 (Miss. 1993). As such, the court is bound to apply Nevada law to the claim arising from the promissory note.

5

Regarding claims for collection on a promissory note, Nevada law provides that "summary judgment may be granted in favor of the plaintiff if the debt is undisputed and there is not articulable, genuine issue of material fact." *A.I. Credit Corp. V. Gohres*, 299 F.Supp.2d 1156, 1158 (D.Nev. 2004) (citing *Morris v. Bank of America Nevada*, 110 Nev. 1274, 1275-1276 (1994)). Summary judgment is proper where the non-movant does "not deny execution of the note or nonpayment" and fails to present genuine issues of fact that could, if true, provide a defense for such nonpayment. *Morris*, 110 Nev. at 1275-1276. Where the note contains an acceleration clause, the note holder must take affirmative action evidencing his election to exercise acceleration. *Clayton v. Gardner*, 107 Nev. 468, 470 (1991).

The defendant does not deny that she owed Franchise Partner payment, that she is currently in default, nor that payment under the note is presently owing. The defendant also acknowledges the holder's election to accelerate the debt in the letter sent to her in April, 2004. As such, she is in default and liable for the accelerated debt unless she presents a genuine issue of fact that would establish a valid defense against the note or subsequent nonpayment. However, the defendant simply argues that all of the claims asserted by plaintiff hinge on the enforceability of the franchise agreement. The defendant contends that plaintiff's alleged anticipatory repudiation of the franchise agreement terminated her duties thereunder. She proffers no other argument that a genuine issue of fact exists, nor does the record make such presentation when all facts and inferences are drawn in her favor.

Where there are two separate, distinct contracts, Nevada law is in line with basic contract law in that the breach of one contract does not constitute breach of the other; thus, performance under the second contract is not excused. *Hutchens v. Sutherland*, 22 Nev. 363, 410 (1895). The

promissory note between the defendant and Franchise Partner constitutes an agreement entirely separate and apart from the franchise agreement between the defendant and plaintiff. The defendant entered into these separate contractual obligations on different dates and for different purposes. As such, it is wholly irrelevant whether the franchise agreement was terminated or who the breaching party might have been. The franchise agreement has no bearing on the Franchise Partner loan documents in this instance. The fact that plaintiff purchased the instrument in no way justifies the defendant's continued default nor does it bind the promissory note to the franchise agreement. As the defendant has raised no genuine issue of material fact relevant to the promissory note, this claim is proper for summary judgment resolution, and the plaintiff is entitled to judgment in its favor as to her default and liability under the promissory note as a matter of law.

> B. <u>Summary Judgment on the Remainder of Plaintiff's Claims Enumerated in Its Motion Is Not Proper Due to Material Issues of Fact Relating to the Termination of the Franchise Agreement.</u>

The remaining claims pled in the complaint and presented in the instant motion may not be resolved by summary judgment as the defendant, in her response, set forth specific facts which support her allegations and, thus, contradict facts asserted by plaintiff. The claims regarding unpaid royalties, unpaid supply orders, the non-competition and non-solicitation provisions, and the agreement to assign real property leases all stem from the franchise agreement. However, if the plaintiff anticipatorily repudiated material terms of the franchise agreement as alleged by the defendant, then defendant would not be held to her duties under the contract. There are abundant material issues of fact surrounding the termination of the franchise agreement which thus affect the enforceability of the contract provisions.

In order to prevail on claims arising under the franchise agreement, the plaintiff must prove that the defendant failed to timely submit the royalty payments and reports in order to demonstrate that the higher, non-discounted royalty amounts were due and that this amount, less the discounted amount previously paid, is owing. Both of these assertions form the foundation for plaintiff's claim that defendant was in breach of the franchise agreement and constitute the very basis of this dispute. However, there are genuine, material issues of fact regarding the timeliness of the defendant's reports and payments. For instance, plaintiff possesses a solitary postmark that it intends to submit as evidence that defendant's period three envelope containing a royalty payment and report was not received by the United States Postal Service until the discount deadline had passed. The plaintiff intends to authenticate the postmark via testimony from an employee who will state that she recalls opening the defendant's envelope and cutting the particular postmark from the envelope in February of 2003 that will then be offered into evidence. Of course, it will be for the jury to determine the witness's credibility and whether the postmark tends to prove that the defendant's envelope was given to the United States Postal Service on February 21, 2003.

Defendant's assertion that her period two envelope which contained both the royalty payment and report was lost in the mail or by the plaintiff is also an issue of fact. The issue of whether the tardiness of her period two payment and report was specifically waived by the plaintiff or its business custom is an issue of fact. Finally, a finding that a party breached its duty of good faith and fair dealing is necessarily fact-based. The above are not an exhaustive list of genuine, factual issues; however, they do illustrate the plaintiff's failure to meet its burden. As such, summary judgment cannot be granted on claims arising under the franchise agreement.

# IV.
# CLAIMS PRESENTED IN THE COUNTERCLAIM

A. <u>Summary Judgment Is Not Proper on Defendant's Counterclaim for "Other" Monies.</u>

The defendant asserted a counterclaim for "other" monies, which she subsequently identified as a refund she is allegedly owed based upon a past deposit paid to the plaintiff which franchisees are required to make for each franchise acquired. The defendant sold the Winona and Durant offices to W. A. Haygood on January 19, 1998, and the defendant argues that this sale should have triggered the return of her deposit from plaintiff. (Clevenger Dep. 27:1-22, 29:12-19, 33:8-15, Exhibit 5.)

The defendant admits that laches may preclude an offensive claim for "other monies." (Def.'s Mem. Opp'n Mot. Summ. J. at 32.) Furthermore, neither the defendant's reply nor memorandum in opposition to the instant motion disputes the plaintiff's assertion that "Clevenger has not produced . . . any document purporting to set forth the terms of any contractual provision governing the deposits applicable to her Block offices in Winona and Durant. Indeed, Clevenger admits that she does not have any documents regarding these deposits." (Pl.'s Mem. at 22.)

Defendant argues that Mississippi law would allow her to use this item as a setoff against any amount that the plaintiff may be awarded, citing MISS. CODE ANN. § 15-1-71 and *Gerald v. Foster*, 168 So.2d 518, 524 (Miss. 1964) as authority for the proposition that "if a counterclaim is asserted in the nature of a set-off, even though a defendant's claim may have been barred by the statute of limitations at the time the claim was filed, the defendant is not precluded from using items as a set-off against the debt sued on." (Def.'s Mem. at 33.)

The court must apply the state law of the forum to the claim for setoff. An assertion that laches bars a claim is typically devoid of any genuine issue of fact aside from the date on which the action is said to accrue.[1] However, the court is without adequate information at this time to determine from what debt this alleged refund stems, which is material to the question of whether setoff is barred under Mississippi authority. Drawing all reasonable inferences in favor of the defendant, as the court must, it is possible that a right to refund stems from the franchise agreement, which is the origin of the "debt" upon which plaintiff has brought the instant suit, and may thus render setoff proper. For this reason, summary judgment is inappropriate.

    B.    <u>Summary Judgment Is Improper on Defendant's Counterclaim for Marketing Monies.</u>

In her counterclaim, defendant asserts that the plaintiff failed to provide marketing monies for which she qualified. Such monies were available through plaintiff's "Competitive Density Marketing Payment" program, introduced in late 2003, and were to be used in the implementation of marketing strategies. The defendant admits that the distribution of the marketing monies was scheduled for 2004. (Clevenger Dep. 165:4-6).

Although the defendant argues that "Block's contention that these [counter] claims should be summarily dismissed hinges on the assumption that the Franchise Agreement was not breached or repudiated by Block . . . ." (Def.'s Mem. at 16.), the plaintiff contends that the defendant was not owed marketing monies because she did not meet the criteria. Plaintiff's argument places great emphasis on the fact that the defendant failed to complete a business plan for plaintiff and suggests that the business plan was a *requirement* for eligibility. (Pl.'s Mem. Supp. at 20.)

---

[1] Clearly, the date of accrual in this instance is January 19, 1998.

The facts presented in the record, however, do not reflect the clarity that plaintiff alleges its memorandum in support. The court's review of both the John Greenway and Cathy Risner depositions intimate that the completion of the plan was one factor, albeit a weighty factor, in a multi-factor balancing test as opposed to a requirement that would automatically result in ineligibility if unmet.[2] (Greenway Dep. 53:19-25, 54:1-7, July 21, 2005; Risner Dep. 145:2-5, July 21, 2005.) Furthermore, Mr. Greenway admits that qualification for the program is "an operational decision" and alludes to a "formula that controls it." (Greenway Dep. 54:1-3.) The court is unaware of whether other franchises that did not submit business plans were given marketing monies. Clearly, the question of whether the defendant was eligible for marketing monies under what appears to be a more subjective rather than objective factoring test is one of fact not law.

More importantly, plaintiff's memorandum in support states that "the undisputed facts show that the franchisees to whom marketing checks were paid, unlike Clevenger, did not owe back royalties to Block and were not being terminated in 2004. (Pl's Mem. at 20 n.18.) Thus, by its own words plaintiff, intentionally or not, frames the most important material question of fact present within this issue – whether the termination of the franchise agreement resulted in defendant's loss of marketing monies. If so, this claim would inherently carry with it all of the attendant issues of fact implicit in the claims stemming from the provisions within the franchise agreement. For these reasons, summary judgment is inappropriate.

---

[2] John Greenway is plaintiff's corporate representative; Cathy Risner is plaintiff's district manager.

11

C. <u>Summary Judgment Is Improper on Defendant's Remaining Counterclaims.</u>

The instant motion also seeks summary judgment on the defendant's wrongful termination counterclaim. Plaintiff has failed to meet its burden on this claim for the same reasons that it fails to meet its burden on claims arising from the franchise agreement provisions as discussed in III.B. of this opinion.

Furthermore, summary judgment is an improper vehicle for confining damages to a certain term of years as requested by the plaintiff in the event that summary judgment is denied as to the wrongful termination issue. The issue of damages is inherently intertwined with genuine issues of fact present with the franchise agreement termination issue. Furthermore, the plaintiff did not terminate the contract based upon defendant's dealings with Franchise Partner – plaintiff explicitly terminated the franchise agreement on the basis of late royalty payments and reports. The plaintiff may not argue that the damages should be confined to a certain number of years because the contract *may* have been terminable on other grounds that it chose not to use and that were unripe at the time termination occurred.

V.
CONCLUSION

The court finds that defendant has successfully raised material issues of fact in response to all issues advanced by the plaintiff for summary judgment, or that such issues of fact were present within the record, except for the plaintiff's claim regarding the promissory note. Therefore, plaintiff H&R Block's motion for partial summary judgment shall be GRANTED as to plaintiff Clevenger's default under the promissory note originally issued by Franchise Partner, Incorporated, and DENIED as to all other claims and counterclaims.

This the 28th day of October, 2005.

                                                          /s/   S. ALLAN ALEXANDER  
                                      UNITED STATES MAGISTRATE JUDGE